FILED
SUPERIOR COURT
OF GUAM

2019 JUN 26 AM 11:50

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL.,<br><br>Defendants. | Superior Court Case No. **CV0426-18**<br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION FOR RECONSIDERATION,**<br>**OR IN THE ALTERNATIVE, FOR**<br>**CLARIFICATION** |

Plaintiffs request reconsideration, or in the alternative, clarification, of the Court's May 15, 2019 Decision and Order Re Motion to Compel Discovery requiring Plaintiffs to provide Defendants with documents responsive to Defendants' request for admissions. Mot. Recons., or in the Alternative, Clarification at 2 (May 30, 2019). Specifically, Plaintiffs ask whether (1) they are required to produce the documents Defendants already have or can readily access, or (2) if Plaintiffs can simply identify the documents for Defendants. *Id.* In the event the Court's order requires Plaintiffs to produce the documents, Plaintiffs ask the Court to reconsider by arguing that parties are not always required to produce documents the opposing party can readily access. *Id.* at 3.

Under CVR 7.1(i), a court may reconsider a prior order

> Only on the grounds of (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

**ORIGINAL**

CVR 7.1(i). As the Supreme Court of Guam instructs, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Furthermore, motions for reconsideration "are both procedurally and substantively deficient if they simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quotations omitted).

Though Plaintiffs cite to various case law in support of their argument, Plaintiffs made this same objection and argument in their first response to Defendants' request for production of documents, and the Court found it insufficient. Plaintiffs are "simply reiterat[ing] in greater detail arguments previously made before the court." Accordingly, the Court declines to reconsider its previous order.

However, the Court will clarify whether Plaintiffs can simply identify the documents requested in Request No. 1. As stated in its previous order addressing Plaintiffs' objection concerning readily accessible material, "[a]ny material not produced on this basis must be specifically identified...." Dec. and Order Re Mot. Compel at 6 (May 15, 2019). To the extent that the response to Request for Production No. 1 includes documents that have been produced in a prior or current case involving Cyfred, Ltd., Francis Gill, or Stephanie Mendiola as a party, and in which Wayson Wong represented the opposing party, Plaintiffs may specifically identify the documents instead of producing them. However, if any requested documents have not been produced in litigation involving Defendants and Wayson Wong as the opposing party's counsel, Plaintiffs must produce them now, even if Defendants can access them by other means, including from public sources.

ORIGINAL

Finally, the Court finds Defendants' objection that Plaintiffs did not submit a proper CVR 7.1 Form 1 with their motion MOOT as the Court addressed this argument during a motion hearing on June 10, 2019, and found that Plaintiffs had substantially complied with the requirements of CVR 7.1, but advised Plaintiffs to file a CVR 7.1 Form 1 with all future motions which require it.

Because Plaintiffs are not entitled to reconsideration, the Court DENIES Plaintiffs' Motion for Reconsideration but GRANTS Plaintiffs' request for clarification of the Court's May 15, 2019 Decision and Order Re Motion to Compel Discovery.

SO ORDERED this 26th day of June 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

RVICE VIA COURT BOX

I ack... ledge that a copy of the
... reto was placed in the
... of:
W- Wong
VAN DE VELD
6/26/19 Time: 12pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL